

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-30-2009

# Nicholas Radocesky v. James Munley

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-4788

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Nicholas Radocesky v. James Munley" (2009). *2009 Decisions.* Paper 907.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/907

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-4788

_____

NICHOLAS N. RADOCESKY,
                                        Appellant
                    vs.

HONORABLE JAMES M. MUNLEY

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-08-cv-01983)
District Judge:  Honorable Thomas I. Vanaskie

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and IOP 10.6
June 30, 2009
Before:  SCIRICA, Chief Judge, WEIS and GARTH Circuit Judges

(Opinion filed: July 30, 2009)
_____

OPINION
_____

PER CURIAM.

        Nicholas N. Radocesky appeals from the District Court's dismissal of his

civil complaint.  For the following reasons, we will summarily affirm.  See 3rd Cir. LAR

27.4 and IOP 10.6.

In October 2008, Radocesky filed a civil complaint alleging that the Honorable James M. Munley, a federal judge, violated the Code of Conduct for Judges and the United States Constitution. The allegations appear to stem from Judge Munley's adjudication of a lawsuit Radocesky brought pursuant to 42 U.S.C. § 1983. In that suit, Radocesky sued members of the Lackawanna County District Attorney's Office and members of the Public Defender's Office claiming that they convinced him to plead guilty to crimes he did not commit. Judge Munley dismissed the action for failure to state a claim and we dismissed the appeal as frivolous. See Radocesky v. Munley, 247 F. Appx. 363 (3d Cir. 2007) (per curiam) (not precedential). Radocesky now apparently claims that Judge Munley deprived him of various constitutional rights throughout the course of that action and also violated the Code of Conduct for United States Judges. The District Court dismissed the claim and Radocesky filed a timely notice of appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We summarily affirm an order of the district court "when 'no substantial question' is presented by the appeal." United States v. Baptiste, 223 F.3d 188, 190 n.3 (3d Cir. 2000) (per curiam) (citation omitted).

The District Court correctly determined that judges are immunized from a suit for damages for acts done in the performance of their judicial duties. Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). That immunity is lost only when a judge acts in

2

the clear absence of all jurisdiction.  <u>Gallas v. Sup. Ct. of Pa.</u>, 211 F.3d 760, 769 (3d Cir. 2000).  Here, Radocesky has not alleged that Judge Munley acted in the absence of all jurisdiction.  Therefore, because Radocesky's appeal presents us with no substantial question, we will summarily affirm the District Court's order.  <u>See</u> 3rd Cir. LAR 27.4 and IOP 10.6.